## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**ROOSEVELT SMITH**                                                          **PLAINTIFF**

**VS.**                              Case No. 3:05CV00179 GTE/JFF

**WHITE COUNTY SHERIFF PAT GARRETT,**
**and LIEUTENANT SMITH, both in**                              **DEFENDANTS**
**their official and individual capacities**

## ORDER

Plaintiff Smith filed the present action *pro se* pursuant to 42 U.S.C. § 1983 (docket entry #2) on July 27, 2005, contending that he was subjected to unlawful conditions while imprisoned in the White County Jail.

This court addressed several motions and issued an order (docket entry #29) on July 10, 2006, directing the plaintiff to: 1) file a sworn statement with the court by August 11, 2006, providing the names and addresses of three lawyers he has attempted to retain, the dates he spoke with them, and the reasons for their refusal to represent the plaintiff in this matter; 2) file a supplement to his complaint no later than August 11, 2006, providing the court with additional information needed to understand his claims; 3) to submit discovery responses to the Defendants no later than August 11, 2006.

The plaintiff has not responded to the court's orders. The plaintiff submitted multiple motions for appointment of counsel (docket entries 25, 34, 47, and 48) and a series of letters (docket entries 33, 40, 42) repeatedly requesting that the court provide counsel, yet he has not

provided a sworn statement with information on his efforts to retain counsel as the court directed. Further, the plaintiff has not submitted responses to the defendants' discovery requests as ordered by the court, nor has he supplemented his complaint to provide the court with more information.

*Pro se* representation does not excuse a plaintiff Smith from complying with the court's local rules or the Federal Rules of Civil Procedure. Local Rule 5.5(c)(2); *See Ackra Direct Mktg. Corp. V. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996); *see also Carman v. Treat*, 7 F.3d 1379, 1381 (8th Cir. 1993). A *pro se* litigant is bound by the litigation rules just as a lawyer is, particularly with fulfilling the simple requirements of discovery. *Lindstedt v. City of Granby*, 238 F.3d 993, 937 (8th Cir. 2000).

Because plaintiff Smith has failed to comply with Local Rule 5.5(c)(2),[1] the Court finds that his complaint (docket entry #2) should be DISMISSED WITHOUT PREJUDICE.

All pending motions are DENIED as moot.

IT IS SO ORDERED this 4th day of December, 2006.

\_\_/s/ Garnett Thomas Eisele\_\_\_\_\_
UNITED STATES DISTRICT JUDGE

---

[1] Local Rule 5.5(c)(2) states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."